# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4581 | **DATE** | 12/1/2000 |
| **CASE TITLE** | PERMINAS vs. NOVARTIS SEEDS INC et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Pursuant to Memorandum Opinion and Order entered this day, defendants' motion to dismiss plaintiff's contract and promissory estoppel claims is granted. Plaintiff's breach of contract and promissory estoppel claims are hereby dismissed. All previously set dates shall stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 04 2000 | Document Number |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 12/1/2000 | |
| JS | courtroom deputy's initials | FILED ... 00 DEC -4   AM 7:45 | date mailed notice |
| | Date/time received in central Clerk's Office | JS mailing deputy initials | |

Minute Order Form (06/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| AARON PERMINAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00 C 4581 |
| | ) | |
| NOVARTIS SEEDS, INC. and SYGENTA | ) | |
| SEEDS, INC. d/b/a NOVARTIS SEEDS, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |



## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Defendants Novartis Seeds, Inc. and Sygenta Seeds, Inc., doing business as Novartis Seeds,

Inc. have filed a motion to dismiss plaintiff Aaron Perminas' breach of contract and promissory

estoppel claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the Illinois

statute of frauds for the sale of personal property, 810 ILCS 5/1-206, bars plaintiff's contract claim.

For the following reasons, defendants' motion to dismiss plaintiff's contract and promissory estoppel

claims is GRANTED.

## BACKGROUND

Plaintiff alleges that on May 28, 1997, the predecessor to the defendant corporations

(hereinafter "defendants") entered into an oral contract to sell plaintiff defendants' fertilizer division,

of which plaintiff, a 22-year employee of the business, had been the General Manager for many

years. Plaintiff alleges that on July 17, 1997, he sent defendants a written contract documenting the

1

parties' agreement and that defendants' president placed a phone call to plaintiff in which he emphasized the urgency of closing plaintiff's purchase of the fertilizer division by June 30, 1997. On June 23, 1997, defendants sent plaintiff their attorney's scrivener's comments on the written document. In June 25, 1997, plaintiff informed defendants that the proposed revisions were acceptable and undertook to have the final closing paperwork prepared. On June 28, 1997, defendants informed plaintiff that they had forgotten to obtain an assignment of the lease of the fertilizer division's premises which was necessary before they could consummate the sale, and that the lease assignment would not be ready in time for the scheduled June 30, 1997 closing. Only July 9, 1997, the defendants allegedly reneged on the contract, causing plaintiff the loss of his bargain, valued at $1,750,000, and more than $11,000 in out-of-pocket expenses.

Plaintiff filed a complaint with this court seeking damages for breach of contract and seeking unpaid employment benefits and ERISA penalties against defendants. Defendants answered the complaint, except for the breach of contract and promissory estoppel allegations contained in paragraphs 7 through 22. Defendants filed the present 12(b)(6) motion to dismiss as to those claims.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must presume all of the well-pleaded allegations of the complaint to be true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492 n.2 (1977); Turner/Ozanne v. Hyman Power, 111 F.3d 1312, 1319 (7th Cir. 1992). The court must view those allegations in the light most favorable to the plaintiff. Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). Any ambiguities are to be construed in favor of the plaintiff. Kelly v. Crossfeld Catalysts, 135 F.3d 1202, 1205 (7th Cir. 1998); Curtis v. Bembenck, 48 F.3d 281, 283 (7th Cir. 1995). Dismissal under Rule 12(b)(6) is proper only if it appears "beyond doubt that

the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Panares v. Liquid Carbonic Industries Corp., 74 F.3d 786, 791 (7th Cir. 1996).

## ANALYSIS

The parties agree that this case is governed by Illinois law and the UCC statute of frauds for the sale of personal property, 810 ILCS 5/1-206(1). That section provides: "[A] contract for the sale of personal property is not enforceable by way of action or defense beyond $5,000 in amount or value of remedy unless there is some writing which indicates that a contract for sale has been made between the parties at a defined or stated price, reasonably identifies the subject matter, and is signed by the party against whom enforcement is sought or by his authorized agent." Defendants raised the statute of frauds as a basis for dismissal of plaintiff's breach of contract and promissory estoppel claims under Rule 12(b)(6). This court requested that the parties brief the issue of whether the statute of frauds is a proper basis for dismissal under Rule 12(b)(6).

Having reviewed the parties' briefs and case law on this issue, this court concludes that the statute of frauds is a proper basis for dismissal under Rule 12(b)(6). Several courts in this district have granted motions to dismiss on the basis that the plaintiff had not pled the existence of a writing which would satisfy the statute of frauds. See, e.g., Barnett v. Poag & McEwen Lifestyle Centers-Deer Park Town Center, 1999 WL 691850, at *2 (N.D. Ill. Aug. 26, 1999); Berco Investments, Inc. v. Earle M. Jorgensen Co., 1996 WL 388463 (N.D. Ill. Jul. 08, 1996) ("Where an affirmative defense or other bar to relief is apparent from the face of the complaint, dismissal is proper."); Parrillo v. Safeway Ins. Co., 1994 WL 380625 (N.D. Ill. Jul. 18, 1994). Moreover, defendants have submitted a sworn affidavit stating under oath that they did not promise or commit

to sell plaintiff its fertilizer division. The Seventh Circuit has held that such affidavits are sufficient to sustain a motion to dismiss a complaint on the basis of the statute of frauds. See DF Activities Corp. v. Brown, 851 F.2d 920, 922 (7th Cir. 1988) ("[W]here as in this case the defendant swears in an affidavit that there was no contract, we see no point in keeping the lawsuit alive. Of course the defendant may blurt out an admission in a deposition, but this is hardly likely, especially since by doing so he may be admitting to having perjured himself in his affidavit. Stranger things have happened, but remote possibilities do not warrant subjecting the parties and the judiciary to proceedings almost certain to be futile.") Because plaintiff has failed to allege the existence of a writing which indicates that a contract for sale has been made at a stated price, reasonably identifies the subject matter, and is signed by defendants, his breach of contract claim is subject to dismissal under Rule 12(b)(6) and the statute of frauds, 810 ILCS 5/1-206, unless there is some exception to the statute which can save his claim.

Plaintiff argued in response to defendants' motion to dismiss that the statute of frauds is an improper basis for dismissal because there was no evidentiary support for the statute of frauds defense. Plaintiff argued that he should be given the opportunity to conduct discovery and take depositions of defendants' company personnel for "sources of evidence which would demonstrate in the defendants' own words and/or writings that the contract with the plaintiff in fact existed." Plaintiff cited Ruca Hardware, Ltd. v. Chien, 1995 WL 307172. at *4 (N.D. Ill. May 17, 1995) for the proposition that he should be given the opportunity to depose defendants. However, in Ruca, the pleadings contained a letter drafted by defendants and allegations in defendants' counterclaim which together created a reasonable inference that the contract at issue had, in fact, been created. Here, there are no writings or borderline-judicial admissions in the pleadings which suggest that a

4

contract existed. Instead, plaintiff points to the "words, conduct, and other manifestations" of defendants alleged in his complaint which plaintiff claims demonstrate defendants' admission that a contract for the sale existed. These alleged manifestations are precisely the type of evidence which the statute of frauds prevents as the basis of enforcing an oral contract, so as to offer defendants "some protection against the risks and costs of being hauled into court and accused of owing money on the basis of an unacknowledged promise." Also unlike the present case, the defendants in Ruca had not denied the existence of the contract under oath. While defendants here did not submit an affidavit with their original motion to dismiss, they have now submitted an affidavit denying that they ever entered into a contract with plaintiff. Judge Coar held in Ruca that, if the defendants denied under oath that the contract existed, then they could properly move for summary judgment. Here, as explained, defendants have already sworn under oath that no contract was entered into between plaintiff and defendants for the sale of defendants' fertilizer division. Accordingly, there is no basis to allow discovery on this issue to proceed.

Plaintiff also attempts to avoid the application of the statute of frauds by pleading promissory estoppel and arguing that he should be permitted to conduct discovery on both the breach of contract claim and the promissory estoppel claim, because both claims will involve the same evidence. However, Illinois courts have prohibited plaintiffs from doing an end-run around the requirements of the statute of frauds where the claim is based on a promise that would otherwise be barred by the statute of frauds. See McInerney v. Charter Golf, Inc., 176 Ill. 2d 482, 493, 680 N.E. 2d 1347, 1353 (1997); Barnett v. Poag & McEwen Lifestyle Centers-Deer Park Town Center, 1999 WL 691850, at *6 (N.D. Ill. Aug. 26, 1999). Here, plaintiff's promissory estoppel claim is based on defendants' alleged oral promise to sell personal property in an amount greater than $5,000, a promises which

is unenforceable under the statute of frauds. Accordingly, plaintiff's promissory estoppel claim is also barred.

Plaintiff also argues that to the extent the statute of frauds applies to his claims, it merely bars recovery above $5,000, and is not a complete bar to recovery on his breach of contract claims in which he alleges that he lost the benefit of his bargain, valued at $1,750,000. This court does not agree. Plaintiff cites Grappo v. Alitalia Linee Aeree Italiane, S.p.A., 56 F.3d 427 (2nd Cir. 1995), interpreting § 1-206 of the New York UCC, which is identical to the Illinois § 1-206. In Grappo, the Second Circuit stated: "As drafted, the statute permits a plaintiff to recover up to $5,000 on an oral contract that should have been in writing." Id. at 431. This court disagrees with the holding of Grappo, and finds that the reasoning of other courts, the plain language of the statute, and the Seventh Circuit's interpretation of other statutes of fraud support the conclusion that § 1-206 is a complete bar to recovery on a breach of contract claim for the sale of personal property which alleges more than $5,000 in damages.

In reaching its conclusion in Grappo, the Second Circuit relied upon New York state courts' interpretation of § 1-206. However, at least three courts have used § 1-206 as the basis for an outright dismissal of contract claims. See Massey v. Hardcastle, 753 S.W.2d 127, 138 (Tenn. Ct. App. 1988); Zahornacky v. Edward Chevrolet, Inc., 436 A.2d 47, 49 (Conn. Super. App. 1981) (purchase order which failed to comply with specific requirements of the UCC is "invalid"); St. John Mortg. Co., Inc. v. U.S. Fidelity and Guar. Co., 1988 WL 138700, at * 6 (E.D. Pa. Dec. 22, 1988), rev'd on other grounds, 897 F.2d 1266 (3rd Cir. 1990). While those courts did not engage in the analysis of § 1-206 undertaken by the Second Circuit, they did presume that § 1-206 is a complete bar to recovery, not a cap on damages.

6

Second, while the Second Circuit read "beyond five thousand dollars" to modify "not enforceable," such that a contract for the sale of personal property is enforceable up to $5,000, this court believes that the "plain language" of the statute is not as "plain" as the Second Circuit understood it to be. This court believes that a more natural reading of the statute, consistent with the purpose of the statute of frauds as interpreted by the Seventh Circuit, is that "beyond five thousand dollars" modifies the words "a contract for the sale of personal property," even though the words "beyond five thousand dollars" do not immediately follow the words "a contract for the sale of personal property." Under this reading, § 1-206 prohibits the enforcement of contracts for the sale of personal property greater than $5,000, and is not a cap on damages recoverable upon enforcement of such a contract. Section 1-206 renders unenforceable contract claims for the sale of personal property which seek recovery for more than $5,000; it does not state that such contracts are enforceable, but that a plaintiff may only recover $5,000 in damages on them.

Finally, the policy behind statutes of fraud is served by this result. The purpose of statute of frauds is to protect people from the risks of being hauled into court and accused of owing money on the basis of some unacknowledged promise. See DF Activities Corp. v. Brown, 851 F.2d 920, 922 (7th Cir. 1988). The Seventh Circuit has held that a sworn affidavit denying the existence of a contract is sufficient to alleviate defendants from the burden of undergoing discovery on the issue of the existence of that contract. See id. The Seventh Circuit has also noted a concern for the potential "meager value" of the statute of frauds to defendants if a plaintiff were able to drag them through discovery on a contract claim for which a writing is required but does not exist. See id. The purpose of protecting parties from contract claims on which there is no writing would be severely compromised if parties were forced to defend and provide discovery on contract claims alleging over

one million dollars in damages, even if the plaintiff's ultimate recovery were capped at $5,000. The burden of discovery on such claims would be identical regardless of the amount of damages recoverable by the plaintiff.

## CONCLUSION

For all the reasons stated, this court finds that the statute of frauds bars plaintiff's beach of contract and promissory estoppel claims, and therefore must be dismissed pursuant to Rule 12(b)(6). Plaintiff's breach of contract and promissory estoppel claims are hereby dismissed. The parties are urged to discuss settlement of the remaining claims. All previously set dates shall stand.

ENTER:

James F. Holderman

JAMES F. HOLDERMAN

United States District Judge

DATE: December 1, 2000